NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

RAYMOND A. CLORER, PETITIONER, v. MICHAEL J. BLESSINGTON, JR., ALSO KNOWN AS JOSEPH BLESSINGTON, RESPONDENT.

Decided February 20, 1941.

For the petitioner, *David Roskein.*

For the respondent, *McCormack & O'Keefe (Arthur De Vincenlis,* of counsel).

\*   \*   \*   \*   \*   \*   \*

That on January 17th, 1938, petitioner was in the employ of the respondent, Michael J. Blessington, Jr., also known as Joseph Blessington, and while so employed he met with a compensable industrial accident, viz., as he was putting a tire on a truck the rim of the tire gave way and he was struck by a bar across the nose, right upper lip and right lower extremity, resulting in injuries thereto, and a cerebral concussion. He was taken to St. Mary's Hospital in Orange, New Jersey, where he was confined to January 30th, 1938. Examination and X-rays of the petitioner immediately after the accident and after lengthy treatment revealed (1) a fracture of the maxilla; (2) traumatism to the alveolar regions, which necessitated the removal of five upper teeth; (3) traumatism of the lower mandible necessitating the removal of one tooth; (4) laceration of the middle right tibia with periositis and subsequent infection, and (6) laceration of the tip of the nose. Subsequent to his discharge from the hospital the petitioner suffered symptoms of headache and nausea, attributable to the cerebral concussion suffered from the accident.

\*   \*   \*   \*   \*   \*   \*

Considerable testimony was adduced as to whether or not the petitioner was an employe of the respondent within the meaning of the Workmen's Compensation act. I have had the opportunity of hearing not only the testimony adduced in this case but also the testimony adduced in the case of the petitioner against Michael J. Blessington, father of the present respondent, in which respondent testified, a portion of which testimony was adduced in evidence at this hearing. The testimony in this case leaves no doubt in my mind that petitioner was an employe of the respondent at the time of

the accident and had been one for many years prior thereto. The employment though perhaps not continuous was recurrent at frequent intervals and had been so over a period of many years. Respondent's testimony which acknowledged a life long friendship with petitioner was to the effect that petitioner's work for respondent was in the nature of a gratuity. This is contrary to the facts and admissions by respondent of payment of wages to petitioner and contrary to the fact and admissions by respondent of the frequent recurrence of the employment, and I so find. Respondent has set up among its defenses that the petitioner was a volunteer assisting him in changing a truck tire. The burden of proof in respect to such a defense is on the respondent. *Bollinger* v. *Wagaraw Building Supply,* 122 *N. J. L.* 512; 6 *Atl. Rep.* (2d) 396. Respondent has failed to sustain the burden imposed upon him in this respect. Petitioner, on the other hand had sustained the burden of proof in showing an employment, a compensable accident and resulting disability.

*          *          *          *          *          *          *

It is therefore *  *  *  ordered that judgment be and the same is hereby entered in favor of the petitioner and against the respondent.

*          *          *          *          *          *          *

JOHN C. WEGNER,
*Deputy Commissioner.*