LEO FERRAGINO, PETITIONER-DEFENDANT, v. McCUE'S DAIRY, RESPONDENT-PROSECUTOR.

Argued May 6, 1942—Decided June 16, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *George E. Meredith*.

For the defendant, *Sidney J. Meistrich* and *Joseph F. Mattice*.

The opinion of the court was delivered by

CASE, J. Prosecutor was engaged in the retail milk business. It is a close corporation, operated by the McCue family —the father and his two sons. Ferragino was employed by prosecutor at and about its place of business. His hours were not fixed, although he usually worked from seven o'clock in the morning until five in the afternoon; sometimes he got through at two or three o'clock, sometimes at six or seven. His duties were not nicely defined. He did what he was told to do. On occasion he was ordered to do, and did, work which had no obvious connection with the milk business— cleaning up the yards or cutting the grass at one or another of the McCue residences. For such services he received no pay other than his regular salary. The Star of the Sea Church was a customer of the business; so was its priest, Father Connolly. At the request of the church authorities, for their convenience in conducting a bazaar, Thomas E. McCue, one of the officers of the corporation vested with authority to give orders, considering that such a request and service had reasonable connection with the corporate business, had some of the corporation employees move a piano from one location to another on the church property. When the bazaar was over, Father Connolly asked that the piano be taken back to its original location. McCue ordered four of the men, including Ferragino, to go to the church on their way home that night and move the piano accordingly. While Ferragino, in compliance with that direction, was going from the dairy plant to the church he was injured in an automobile accident. He filed a claim for workmen's compensation. An award was granted by the Bureau and, on appeal, was affirmed by the Court of Common Pleas. The employer prosecutes its writ of *certiorari* to review the award.

Prosecutor submits four points: First, that the workman was not in the employ of the respondent at the time of the accident; second, that at the time of the accident he was engaged in an activity outside of the scope of the corporate business or purpose; third, that in any event he was a casual employee and as such not entitled to the benefits of the act; fourth, that the accident did not arise out of and in the

course of the workman's employment. We consider that such merit as is here presented is contained within the proposition lastly stated; and we find that even on that contention prosecutor may not prevail. On the facts as we find them and have stated them to be we think that the accident arose out of and in the course of the employment. It is clear that the workman was ordered, out of the mouth of one whom the corporate employer had delegated to speak for it, to do the service as an incident to his job. Moving a church piano from one spot to another on a church property is not ordinarily *per se* an incident to the dairy business, but it may become so when done, as here, on the order of the employer for a customer in the effort to build up good will and to retain the customer's friendly interest. Ferragino was under orders from his master, and it is not easy to see how he could have refused to obey except at the risk of losing his job. It appears that Ferragino was obliged to obey to carry out his contract of hire. *Bird* v. *Lake Hopatcong Country Club,* 119 *N. J. L.* 415. We think that under the circumstances of the case the errand was not *ultra vires* the corporate powers of the employer, that the accident arose out of and in the course of the employment and that the award was properly made. *Cf. Smedley* v. *Frank & Seder Co. (Pa.),* 176 *Atl. Rep.* 783.

The judgment in the Pleas will be affirmed, with costs.