HUDSON COUNTY COURT OF COMMON PLEAS.

DORIS HEGET, PETITIONER-APPELLANT, v. CHRIST HOSPITAL, RESPONDENT-APPELLEE.

Decided April 7, 1948.

For the petitioner-appellant, *Nathan Rabinowitz* and *William B. McMichael* (*Ervan F. Kushner,* of counsel).

For the respondent-appellee, *William A. Davenport* (*Robert E. Kiernan,* of counsel).

DUFFY, C. P. J. This is an appeal from a determination in the Workmen's Compensation Bureau wherein the petition

was dismissed for lack of jurisdiction. The sole question presented both at the hearing below and on this appeal is whether the relation of employer-employee existed between the parties at the time she allegedly sustained an injury. The record discloses that on February 6th, 1939, petitioner was accepted by the respondent as a candidate to become a nurse. Prior to this acceptance, she had taken and successfully passed an examination for entrance to the School of Nurses conducted at the hospital and had paid the established entry fee of $75.

For the first five months, petitioner served as a probationer. Thereafter she was formally accepted by the respondent as a student nurse. This period of training was to last three years during which time she received no wage compensation except room, board and incidentals. At the completion of the training course she would receive a certificate from the hospital and be eligible to take the examination conducted by the State Board and qualify as a registered nurse.

From the record it appears that petitioner's duties consisted in the following: compulsory attendance at chapel at 6:30 A. M., then breakfast and "at 7 o'clock we are given the night report of the night nurses, we are assigned to patients, take temperatures, give bed pans, make beds, give all treatments such as enemas and so forth that is necessary, give hypodermics, intra-muscular injections and medicines." Petitioner testified that during the first year she worked nine hours a day when employed on the day shift and longer hours when on the night shift. The shifts were rotated by the directoress of nurses. It appears that petitioner worked six days or nights a week and was entirely subject to the control and supervision of the head nurse.

In return for the work performed petitioner received three meals a day and a room to sleep in plus six uniforms, twelve aprons, twelve kerchiefs, two pairs of shoes and various nursing and dietetics books.

In the formal petition filed in this cause petitioner alleged that she sustained an injury on March 29th, 1940, by accident arising out of and in the course of her employment. Respondent in its answer denied that the relationship of employer-employee existed between the parties. At the con-

clusion of petitioner's testimony the Deputy Commissioner sustained the contention of respondent and determined that "the status of preceptor and student existed between the petitioner and the respondent at the time of the alleged accident" and thereupon dismissed the petition for lack of jurisdiction.

It is fundamental that as a necessary prerequisite for recovery under the Workmen's Compensation Act, *N. J. S. A.* 34:15–1, *et seq.*, there must exist the relationship of employer-employee, *Corbett* v. *Starrett Bros., Inc.,* 105 *N. J. L.* 228; 143 *Atl. Rep.* 352. In order for that relationship to exist there must be a valid contract of service together with the right or power in the employer to control the employee with respect to the transaction out of which the injury arose, *Essbee Amusement Corp.* v. *Greenhaus,* 114 *N. J. L.* 492; 177 *Atl. Rep.* 562. The relationship of master and servant exists whenever the employer retains the right to direct the manner in which the work shall be done as well as the result to be accomplished, or in other words, not only what shall be done but how it shall be done, *Errickson* v. *F. W. Schwiers, Jr., Co.,* 108 *N. J. L.* 481; 158 *Atl. Rep.* 482.

After a careful consideration of the record in this case it is my opinion that the status of a student nurse who renders service to the public and to the respondent hospital for the pecuniary gain of the latter is very similar to the old time apprentice. While all of the attributes and legal consequences of an apprenticeship relation are not present here, most of them are. In Black's Law Dictionary (third edition) page 129, an apprentice is defined as "a person, usually a minor, bound in due form of law to a master, to learn from him his art, trade or business, and to serve him during the time of his apprenticeship," *Lyon* v. *Whitemore,* 3 *N. J. L.* 845. Thus, the apprentice rendered services to his master in some trade or employment with the primary purpose of learning the trade, business or profession of the master. The apprentice usually received no remuneration for his services outside of his board and lodging, *Stokes* v. *Hatcher,* 4 *Id.* 84. For services rendered by him, no doubt the master received payment from the public, *Bedford* v. *Newark Machine Co.,* 16 *N. J. Eq.* 117.

Applying the test laid down in *Errickson* v. *F. W. Schiers, Jr., Inc., supra,* to the instant case it seems to me from the circumstances described by the petitioner in her testimony that a relation of master and servant existed between these parties. I am·not unmindful of the fact that one of the purposes of the respondent hospital in permitting a student nurse to practice her art upon the public was to increase her efficiency. Another very material purpose was to derive pecuniary gain for the services performed.

The petitioner below entered into an agreement with the hospital whereby she rendered services to the hospital and its patients. Can anyone doubt the value and importance of such services? Indeed, it is to be seriously doubted that a general hospital could function without the services of student nurses. In return, she received instruction, training, food and lodging and incidental equipment. This constituted her compensation and she earned it. As was stated by the Court of Errors and Appeals in *Toner* v. *International Association of Bridge, &c., Workers,* 113 *N. J. L.* 29; 172 *Atl. Rep.* 389, although the payment of salary may be one of the elements of proof of employment, it is not controlling, the power to discharge is essential between the master and servant and is an indicium of the relationship.

This case will therefore be remanded to the Bureau to be tried on its merits.