33 N.J. Super. 367 (1954)
110 A.2d 154
STEPHEN ARMITAGE, PETITIONER-APPELLANT,
v.
TRUSTEES OF MOUNT FERN METHODIST EPISCOPAL CHURCH AND ROYAL INDEMNITY INSURANCE COMPANY, RESPONDENTS-APPELLEES.
Superior Court of New Jersey, Morris County Court, Law Division.
Decided December 22, 1954.
*368 Messrs. Reid, Kelly & Flaherty, attorneys of respondents-appellees (Mr. Isidor Kalisch, of counsel).
Messrs. Roskein & Laird, attorneys of petitioner-appellant.
BARRETT, J.C.C.
The facts in this matter were not in dispute by the parties. The sole question in the Workmen's Compensation Bureau was whether the relationship of employer and employee existed and, after the bureau determined that the relationship did not exist, an appeal was taken by the petitioner-appellant. No testimony was produced in the bureau as to the injuries suffered pending the outcome of the appeal on the question of employer and employee relationship.
The petitioner-appellant was one of 28 trustees of the Mt. Fern Methodist Episcopal Church. The trustees decided *369 to build an addition to the church and in order to cover the cost a plan was worked out whereby members of the church were solicited for subscriptions in units of $120 and the plan further provided that any one who subscribed could perform labor in connection with the erection of the addition and be allowed $1.50 per hour as a credit against his subscription. From the testimony it seems to appear that certain people performed work on the building who had not subscribed and they were paid for their labor. The petitioner-appellant subscribed for two units of $120 each, and on October 18, 1952, while he was working on a scaffold performing carpentry work on the building he fell from the scaffold and suffered injuries.
The petitioner-appellant claims that the relationship of employer-employee existed and that he is entitled to recover compensation under the Workmen's Compensation Act. The respondents-appellees contend that the relationship of employer-employee did not exist, and further that the petitioner-appellant cannot maintain the action as he is a trustee of the church, and, therefore, in legal effect, he is attempting to sue himself.
One of the church trustees was an insurance broker and he discussed with the trustees the question of workmen's compensation insurance and a policy was issued by the carrier for one year from August 25, 1952 and the testimony indicates that this trustee talked with some representative of the carrier and then advised the trustees that they were properly covered.
The name of the petitioner-appellant was not carried on the records of the church as an employee so far as the testimony shows and there was no evidence that his name was given to the carrier as an employee and there is no testimony that an audit was made for pay roll purposes by the carrier which would indicate that the petitioner-appellant was an employee.
The church paid no income, social security or unemployment tax in connection with the petitioner-appellant. The work which was performed by the petitioner-appellant *370 was voluntary and he did not perform services for the church for financial consideration as contemplated by R.S. 34:15-36, as am. L. 1945, c. 74.
The power to discharge is essential between master and servant and is an indicium of the relationship. In this case the church did not have the power to discharge the petitioner-appellant because it had agreed to permit him to work out his entire pledge of $240.00 at the rate of $1.50 per hour. On the other hand the petitioner-appellant had the privilege of paying off his entire subscription by working according to the terms of his pledge.
Petitioner-appellant claims that the workmen's compensation policy covered him and that the intent of the trustees of the church was to have the policy cover the subscribers who performed labor on the building to be credited against their subscription. The insurance policy would not cover the petitioner-appellant if the relationship of employer-employee did not exist. The intent of the trustees of the church is not enough to bring the relationship of employer-employee under the Workmen's Compensation Act. What the parties actually did must satisfy the provisions of the act. The true test is,  was the relationship created within the meaning of the Workmen's Compensation Act. The church trustees might have thought that they were creating a relationship of employer-employee, but they did not.
It is not necessary to pass upon the question of the petitioner-appellant's suing himself.
It is contended by the petitioner-appellant that the signing of pledge cards would create a debt by those who signed. In consideration of others who signed pledges the debt would undoubtedly be created if the condition did not exist that he could work out his pledge. If the church had refused to permit him to work it could not have sued him for a debt.
The determination of the Workmen's Compensation Bureau is affirmed and a judgment may accordingly be presented.