35 N.J. Super. 24 (1955)
113 A.2d 50
RUTH EDITH GUTH, PETITIONER-RESPONDENT,
v.
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1955.
Decided April 1, 1955.
*25 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Nicholas S. Schloeder argued the cause for respondent-appellant.
Mr. Samuel H. Stein argued the cause for petitioner-respondent (Mr. Nathan Schnider, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The Township of North Bergen appeals from a County Court judgment affirming an award of the Workmen's Compensation Division granting compensation to the surviving widow and dependent child of William Guth, late a lieutenant in the township fire department.
The facts are undisputed. Petitioner's decedent died as a result of injuries resulting from an accident arising out of *26 and in the course of his duties as fire department lieutenant. Following his death the township voted the widow a pension of $1,500 annually pursuant to N.J.S.A. 43:16-1 et seq. She also received through the local firemen's relief association, organized under R.S. 43:17-1 et seq., the sum of $500 from monies it had obtained pursuant to N.J.S.A. 54:17-4. Thereafter the widow filed a dependency claim petition for compensation which the township resisted on two grounds:
1. The employer-employee relationship based on contract, and upon which the right to receive workmen's compensation depends, did not exist between the township and decedent because he was a township officer possessing the character, privileges and emoluments peculiar to such status.
2. In the case of an officer, where a beneficiary enjoys a pension under a mandatory and vested right to receive the same, such beneficiary cannot claim benefits under the Workmen's Compensation Act.
The deputy director granted the compensation award, and on appeal the County Court affirmed. This appeal followed.
Involved here is N.J.S.A. 34:15-43, which provides:
"Every employee of the * * * municipality * * * who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article two of this chapter (sections 34:15-7 et seq.). No former employee who has been retired on pension by reason of injury or disability shall be entitled under this section to compensation for such injury or disability; * * *

* * * * * * * *
"Nothing herein contained shall be construed as affecting or changing in any way * * * any provision of any retirement or pension fund provided by law."
We agree with the County Court that compensation was properly allowed.
The township's whole argument is based on the contention that a fire department lieutenant holds public office and is not an "employee" within the meaning of the Workmen's Compensation Act; that the duties of a public officer do not repose in contract, but rather are incidental to a common law office under a municipality; and that absent such contract, *27 there is lacking the employer-employee relationship requisite to bringing the holder of a public office within the provisions of the act.
There can be no question that a fireman, like a policeman, is a public officer, especially when he, like decedent, holds superior rank. Duncan v. Board of Fire, etc., Comm'rs, 131 N.J.L. 443, 445 (Sup. Ct. 1944). Nevertheless, there has been a long-continued judicial construction of the Workmen's Compensation Act in favor of injured firemen and policemen, who have uniformly been held entitled to the benefits of the act. Fox v. City of Plainfield, 10 N.J. Super. 464 (App. Div. 1950); City of Paterson v. Smith, 126 N.J.L. 571 (Sup. Ct. 1941); Campanile v. City of Asbury Park, 118 N.J.L. 480 (Sup. Ct. 1937).
Evidence of the legislative intention in this regard may be discovered from a consideration of L. 1913, c. 145, § 1, supplementing the original Workmen's Compensation Act, L. 1911, c. 95, which extended the provisions of the act to municipal employees, with the express proviso that no person "holding an elective office" was to be entitled to compensation. This proviso was carried over into the Revision of 1937, as part of section 34:15-43, and continued as part of that section until deleted by the amendment of L. 1952, c. 317. That amendment derived from Senate Bill 315 of the 1952 Legislature, which bill in its original form retained the proviso relating to persons holding elective office. However, the proviso was stricken on recommendation of the Governor and did not appear in the bill as finally passed and signed. Senate Journal, 1952, p. 1109.
The 1913 supplement to the Workmen's Compensation Act was considered in the unofficially reported case of Rogan v. City of Burlington, 39 N.J.L.J. 214 (C.P. 1914), where the widow of a patrolman killed in line of duty sought compensation and the city, as here, resisted the claim on the ground that the 1913 act, extending the provisions of the original Workmen's Compensation Act to municipal employees, was not applicable to a member of the police force since policemen were officers and not employees of the municipality. *28 In discussing the meaning of "employe" as defined in the original act, L. 1911, c. 95, § 23, the court said:
"* * * it is clear that, while the word `employe' is stated to be synonymous with servant, it is a word of wider significance than the word `servant,' and includes `all natural persons who perform services for another for financial consideration.'

* * * * * * * *
"If it were the intention of the Legislature, in passing the supplement of 1913, that no person who might be technically designated as an officer of the city should be entitled to compensation, it would not have placed in the supplement the clause providing that no person holding an elective office should be entitled to compensation, but would have provided that no person holding any office should be entitled to compensation. The placing of the proviso in the supplement that no person holding an elective office should be entitled to compensation, plainly and necessarily implies that a person holding an office not an elective office shall be entitled to compensation, provided his salary is not more than twelve hundred dollars." (at pages 217-217a)
The case thus stands for the proposition that the exclusion of elective officers from compensation benefits under the proviso of the 1913 supplement was clearly indicative of an intent that all persons deriving their compensation on a regular basis from municipalities, whether officers or not, were entitled to be included within the designation of "employee" of a governmental body, unless occupying an elective office.
The township characterizes the Rogan decision as a hard case which made bad law. The long-continued legislative acquiescence in the practical construction given N.J.S.A. 34:15-43 by our courts prior to the 1952 amendment warrants the presumption that such construction was in accord with the legislative intent. The only qualification to raising such a presumption would be where the practical contemporaneous construction is contrary to the clear and unambiguous terms of the statutory provision. It certainly cannot be said that the statutory language here involved clearly and unambiguously requires the construction contended for by the township, and therefore the stated qualification has no application. It should also be remembered that the Workmen's Compensation Act, as our cases have *29 long held, is a remedial law of prime import and should be liberally and broadly construed. Cf. Mayor, etc., of Jersey City v. Borst, 90 N.J.L. 454 (Sup. Ct. 1917).
The township's second contention is that acceptance of pension benefits by the widow precludes the allowance of additional benefits under the Workmen's Compensation Act. Decedent during his lifetime admittedly paid into the pension fund, so that his widow today enjoys the benefits of the pension created by virtue of such payments and the matched contributions of the municipality. She is also entitled to compensation benefits for herself and the dependent child of the marriage.
The argument of the township is completely disposed of by the decision in Eckert v. New Jersey State Highway Dept., 1 N.J. 474 (1949). The Legislature has in no way indicated an intention that a dependent may not receive both pension and compensation benefits. As the Supreme Court remarked in the Eckert case (1 N.J., at p. 480), nowhere in either the act under which the widow receives her pension or in the Workmen's Compensation Act can there be found a requirement calling upon dependents of a deceased municipal employee to make an election between the receipt of a pension or compensation. "If the Legislature did not contemplate the receipt of double recovery by dependents of a deceased employee, as claimed, it has not declared such intention either expressly or by implication." The rights of dependents to compensation are independent and separate rights flowing to them from the Workmen's Compensation Act itself, and not rights to which they succeed as representatives of the husband and father.
Until the Legislature speaks, we have no right to bar the widow from both pension and compensation benefits. Aside from legislative acquiescence in such result because of its failure to speak on the matter, we find nothing in sound public policy to foreclose a widow from collecting compensation as well as a pension, albeit other considerations would apply in the case of a living pensioner. N.J.S.A. 34:15-43 ("No former employee who has been retired on pension by *30 reason of injury or disability shall be entitled under this section to compensation for such injury or disability * * *), and cf. Flynn v. City of Union City, 32 N.J. Super. 518 (App. Div. 1954).
Affirmed.