73 N.J. Super. 175 (1962)
179 A.2d 181
HERMAN HAWKSFORD, PETITIONER-APPELLANT,
v.
STEINBACHER PACKING CO., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Union County Court, Law Division.
Decided March 12, 1962.
*176 Messrs. Jacob, Alfred & Richard Levinson for petitioner-appellant.
Mr. Isidor Kalisch for respondent-respondent.
FULOP, J.C.C.
This is an appeal by the petitioner from a denial of compensation by the Division of Workmen's Compensation.
Petitioner is a butcher. Respondent conducts a wholesale meat business. On March 17, 1958 petitioner was *177 engaged in operating a wholesale meat business of his own in which he purchased meat from the respondent and others and resold the same to retail butchers. On that day he was present at respondent's place of business for the purpose of buying meat for his business. He was requested by Walter Steinbacher, one of the officers of the respondent, to butcher a forequarter of beef for another customer. This is an operation which normally takes about three minutes. Petitioner did so and while he was engaged in the work someone jostled the meat and petitioner cut his left index finger. The extensor tendon was lacerated involving the second metacarpal phalangal joint. Dr. Max Novich testified for the petitioner that he has a 25% disability of the left hand, the finger itself being 100% disabled and the grasp of the hand being adversely affected. The respondent submitted a report of Dr. William B. McLaughlin which has not been presented to this court. Respondent offered no testimony other than the report of its physician and rested its case upon the facts proved by the petitioner. The judge of compensation held as follows:
"I believe, in reviewing the petitioner's testimony, that it is clear that the petitioner was on the respondent's premises on the day in question in furtherance of his own business; that his performing the butchering as described was a situation that arose by pure chance. However, there is no question that the defense of casual employment is not available to the respondent since the particular task performed was part of a regular function at the respondent's business. The fact that petitioner received no wage, per se, would not rule out an employer-employee relationship. However, when we look to the intention of the parties which must be gleaned from examining the facts and circumstances surrounding the incident, I am left with the inescapable conclusion that what was performed here was a `favor' or an accommodation by one business associate for another, and that at no time was there any question of service being performed for an employer in the spirit of gainful employment.
In the light of these facts, I am constrained to dismiss the claim petition and the same is hereby dismissed."
In addition to the facts above recited, the petitioner's undisputed testimony shows that beginning about six *178 months prior to the incident in question, respondent had from time to time employed the petitioner to assist in butchering and making up orders, loading respondent's truck and making one delivery run. Petitioner performed this service after he had finished his own meat deliveries to his customers. There was no regular work schedule. He testified that he was called upon to make one delivery run about once a week for a while and then less often, perhaps once a month up to the date of the accident. There was no prearrangement as to the amount which petitioner was to be paid but respondent would simply give him $15 on each occasion and he never questioned the amount. He had no knowledge as to whether any social security or unemployment compensation taxes were paid with respect to the sums paid to him. Nothing was deducted from the even $15 which he received.
On the day on which the accident occurred, petitioner was not asked to make a delivery run and was not working for respondent. He testified that he was asked to do a favor and he did so. He did not expect to receive any money for this service but did expect reciprocal favors in the choice of meat in connection with his own business.
Petitioner argues that he was an employee because respondent had the right to direct and control the performance of the work and he was furthering the work of the employer. He further argues that the performance of the work implied a promise to pay what it was reasonably worth, even though there was no definite agreement for payment.
Respondent argues that the particular act which the petitioner did for the respondent was a unique service never done before; that there was no expectation of compensation, the work being done as a favor in return for expected favors; that there was no contract of hire; that since petitioner had his own wholesale meat business he was not economically dependent upon the respondent and that he was furthering his own business in doing this favor; that *179 the service was voluntary and there was no employer-employee relationship.
It should be noted that the facts were not disputed and the judge of compensation assumed them to have been as testified to by petitioner.
The elective compensation provisions of the Workmen's Compensation Act apply between employer and employee R.S. 34:15-7. "Employee" is defined by N.J.S.A. 34:15-36 as follows:
"* * * `employee' is synonymous with servant and includes all natural persons * * * who perform service for an employer for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; * * *."
In Graham v. Green, 31 N.J. 207 (1959), the Supreme Court held that when the employment was in work normally required to be done in the course of the respondent's business, the "occasion" for the employment was not by chance or purely accidental. It is therefore immaterial that the worker is employed only temporarily or at irregular times if the function which he performs is one inherent in the respondent's business. That the need for an extra hand on a given day may arise by chance or accidentally does not render the employment of a particular worker casual employment. As noted by the judge of compensation, the petitioner was not a casual employee.
The statute, however, defines employee "as one who performs service for an employer for financial consideration." It is clear that on the occasion in question petitioner performed service for an employer but there was no express or implied agreement that he was to be paid for the service. Financial consideration is an essential ingredient of the status of employee under the statute. Gross v. Pellicane, 65 N.J. Super. 386 (Cty. Ct. 1961). There must be an express or implied contract of hire. Bendler v. Bendler, *180 3 N.J. 161 (1949); Brown v. Jamesburg State Home for Boys, 60 N.J. Super. 123 (Cty. Ct. 1960).
Services rendered gratuitously do not constitute covered employment. Cerniglia v. Passaic, 50 N.J. Super. 201 (App. Div. 1958); Armitage v. Trustees of Mt. Fern M.E. Church, 33 N.J. Super. 367 (Cty. Ct. 1954); 1 Larson's Workmen's Compensation Law (1952) § 47-41.
However, where the obligation to pay for services is expressed or implied under the circumstances, it is not essential that the amount of wages be fixed by agreement. A promise is implied to pay what the services are reasonably worth. Essbee Amusement Corp. v. Greenhaus, 114 N.J.L. 492 (Sup. Ct. 1935). Wadge v. Crestwood Acres, 20 N.J. Misc. 188, 26 A.2d 279 (C.P. 1942).
It is not essential that the agreed or expected payment be in money. Financial consideration would include anything of value to be received by petitioner in return for his services. However, I agree with the judge of compensation that the hope of future favors does not constitute financial consideration. As used in the statute, "financial consideration" means something given or promised to be given in exchange for the service rendered. It requires an express or implied contractual obligation. It does not include the hope of gain as a matter of grace. Cerniglia v. Passaic, supra.
On the other hand, an employee who performs a gratuitous additional service for his employer outside of his normal duties and without additional compensation is deemed to be acting within his employment for the purposes of the Workmen's Compensation Act. Clorer v. Dlessington, 19 N.J. Misc. 253, 18 A.2d 712 (W.C.B. 1941); Larson, op. cit. § 27-40. See also Ferragino v. McCue's Dairy, 128 N.J.L. 525 (Sup. Ct. 1942). Clearly if petitioner had been loading respondent's truck to make a delivery for respondent and, on the same day, respondent had requested him to do something additional as a favor without compensation, that work would have been part of *181 the employment and an accidental injury in the course thereof would have been compensable.
If petitioner had been employed one or two days a week and was asked to do a favor on a day on which he was not working, the service would have been covered. In the present case the time intervals were uncertain, but the arrangement for rendering services when called upon was in effect and had not been terminated. A failure to call upon petitioner for service for a considerable period of time might constitute a termination of services. Just how much time should elapse before the arrangement could be deemed terminated would be a factual question to be determined upon all of the circumstances. It cannot be said that each day that petitioner was called upon to work was a separate hiring. Cf. Johnson v. Walter Kidde, 72 N.J. Super. 548 (App. Div. 1962).
Petitioner was an employee of respondent on an irregular schedule, to work when needed and available. He was just as much an employee of the business as if he had worked five days a week every week or one certain day a month every month. He was not an independent contractor. He delivered in respondent's truck, used respondent's facilities, supplied nothing but his own services, and was under the direction and control of respondent precisely as though a full-time employee.
The performance of a gratuitous service by an employee for an employer, especially in connection with the business in which he is employed, is compensated for by the salary or wages received for his normal services. It is simply more or different work for the same wages.
I therefore hold that petitioner was an employee of the respondent, rendering service for a pecuniary consideration at the time of the accident and is entitled to compensation for his injury. This conclusion is compatible with the philosophy of the statute which is designed to charge the business of the employer with the cost of accidental injuries suffered by those who work in the business.
*182 In view of the fact that the judge of compensation saw the injured hand and heard the testimony of Dr. Novich, and in view of the absence from the record of the report of Dr. McLaughlin, I deem it advisable to remand the matter to the Division to fix the amount of compensation and allowances. Allowances on this appeal should await that determination in the Division.
An order may be submitted in conformity with the foregoing.