131 N.J. Super. 275 (1974)
329 A.2d 572
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, AND GEORGE F. KUGLER, JR., ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1974.
Decided December 4, 1974.
*276 Before Judges CARTON, CRANE and KOLE.
Mr. Donald S. Coburn, Assistant Corporation Counsel, argued the cause for appellants (Mr. Donald E. King, Corporation Counsel, attorney).
Ms. Erminine L. Conley argued the cause for respondents (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
Defendants, including the City of Newark, appeal from a judgment determining in effect that Newark *277 Housing Authority employees, who have been permanently appointed to a classified position, possess reemployment rights against provisional employees of the city, including those in the Model Cities program, pursuant to N.J.S.A. 11:22-10.1 and 11:22-10.2 and N.J.A.C. 4:1-16.5.
Our review of the evidence leads us to conclude that the court below was correct in holding that employees of the Housing Authority who are laid off from their positions and certified on common special reemployment lists are entitled, under the statutory and rule provisions cited, to replace municipal employees in comparable positions, who have not been permanently appointed in the classified service.[*] We see no reason to depart from the holding to that effect by this court in Housing Authority of Jersey City v. Dep't of Civil Service, 87 N.J. Super. 146 (App. Div. 1965). This procedure accords with the practical construction of the statute by the Department of Civil Service over a period of years with legislative acquiescence.
We are not persuaded by the city's argument that serious administrative burdens may occur if that opinion is followed here. Only four positions are directly involved on this appeal; the special reemployment list is utilized solely against positions that are the same or comparable; it is unlikely (although not impossible) that all employees laid off by the Housing Authority will be certified to positions within the city, and, most importantly, the Housing Authority employees are subject to Title 11 and are therefore fully qualified to perform their jobs.
The exercise by the Department of its authority to require the city to recognize the reemployment rights of the Housing Authority employees is reasonable and accords with *278 the powers conferred upon it by the Civil Service Act. See N.J.S.A. 11:6-2(e); 11:19-2; 11:19-3; Mason v. Civil Service Comm'n, 51 N.J. 115 (1968); De Fazio v. Mayor, etc., Hoboken, 9 N.J. Super. 486, 494 (Law Div. 1950), aff'd 12 N.J. Super. 515 (App. Div. 1951); Campbell v. Dep't of Civil Service, 39 N.J. 556 (1963).
The other objections raised by the city are untenable. That different salary schedules are used in the city and the Housing Authority is of no significance, since the city is only required to pay the Housing Authority employee the minimum of the city's applicable salary range. The evidence does not support the contention that only expendable employees would be laid off by the Authority and forced upon the city. Once the Authority decides that a particular program is not needed, seniority then dictates which employees are laid off.
It is not unreasonable for the Department to afford different treatment in this respect to employees of boards of education, as opposed to city employees. Unlike a board of education, a local housing authority is an agency of the municipality creating it and is not considered autonomous for purposes of civil service administration. Housing Authority of Jersey City v. Dep't of Civil Service, supra; De Vita v. Paterson Housing Authority, 17 N.J. 350, 359-360 (1955). School districts often encompass more than one municipality, one of which may not be subject to Title 11, thus making the use of a common list impractical. The Department's practice as to boards of education is thus predicated on an appropriate exercise of its statutory authority. Cf. Fivehouse v. Passaic Valley Water Comm'n, 127 N.J. Super. 451 (App. Div. 1974), certif. den. 65 N.J. 565 (1974).
The city further argues that Model Cities employees should be exempted from the use of common reemployment lists until they have had an opportunity to be fairly tested for the positions which they presently hold.
According to the terms of a consent judgment entered in this cause on January 21, 1974, the Newark Model Cities program *279 was adjudged subject to Title 11, "Civil Service." The program was to be incorporated into the Newark civil service system no later than June 1, 1975, in accordance with the following schedule: (a) orientation to begin December 1, 1973; (b) classification to be completed by March 31, 1974; (c) the entire civil service procedure, including classification, to be completed no later than June 1, 1975. The judgment also provided that the city and the Department would cooperate with each other fully and that the city would have "full input" into the classification and examination processes.
The city claims that it would be unfair to permit the Housing Authority employees to replace Model Cities employees who have not yet had an opportunity to take the qualifying examination for their positions. It urges that such replacement not occur until June 1, 1975, when the Model Cities program and positions are fully integrated into the civil service system.
The city's claim has no basis in law. The statutes plainly require that special reemployment lists such as those here involved be given precedence over all other civil service lists. N.J.S.A. 11:10-1; 11:22-10.1; 11:22-10.2. See also, N.J.A.C. 4:1-16.5 and 4:1-12.3. To receive appointment the Model Cities employees would have to be certified on an open competitive employment list. N.J.S.A. 11:9-9. Employees on the special reemployment list would have to be certified for the same or comparable position before resort may be had to the competitive employment list.
Thus, assuming that the appropriate classification of positions in the Model Cities program has been made, the statutory mandate would be violated if Model Cities employees were permanently appointed while this special reemployment list exists.
Moreover, the city's claim must be viewed in the light of the context of this case. For the past five years the Department of Civil Service has been endeavoring to facilitate the incorporation of the Model Cities program into the civil service system. There is credible evidence that the city did *280 not cooperate fully in these efforts. Under these circumstances its present concern for affording that program's employees an opportunity to be tested is tardy. To allow the further delay here sought would contravene the statutory protection afforded the civil service employees who have been laid off by the Housing Authority and may result in the unlawful appointment of Model Cities employees to permanent positions while the special reemployment list is viable.
The judgment is affirmed. The stay thereof entered by the trial court is vacated. No costs.
NOTES
[*] N.J.S.A. 11:22-10.1 and 11:22-10.2 apply to an employee who is permanently appointed to a position in the classified service and is separated from such service because of economy or otherwise, and not because of any delinquency or misconduct, or whose position has been abolished.