PERO v BAY COUNTY

Docket No. 47042. Submitted March 10, 1981, at Lansing.—Decided
    June 4, 1981.

> Donald C. Pero, an elected county commissioner of Bay County,
> was injured when he slipped and fell in the Bay County
> Building where he was attending a committee meeting of the
> Bay County Commissioners. Pero, his wife, Rosalie, and son,
> Steven, filed a suit for damages against Bay County in Bay
> Circuit Court. The county moved for summary judgment alleg-
> ing that Pero's exclusive remedy was under the Worker's
> Disability Compensation Act. Eugene C. Penzien, J., denied the
> county's motion for summary judgment holding that applica-
> tion of the economic realities test required a finding that Pero
> was not an employee of the county within the provisions of the
> Worker's Disability Compensation Act. The county appeals by
> leave granted. *Held:*
>
> The Legislature intended to make elected public officials
> employees of governmental bodies under the workers' compen-
> sation coverage by enacting the 1965 amendment to the stat-
> ute. The trial court misapplied the economic realities test. The
> exclusive remedy provision of the workers' compensation law is
> applicable to this case. The county's motion for summary
> judgment should have been granted.
>
> Reversed with directions for entry of an order granting the
> defendant's motion for summary judgment.

WORKERS' COMPENSATION — ELECTED PUBLIC OFFICIALS.

> Elected public officials are employees of governmental bodies for
> purposes of workers' compensation coverage (MCL 418.161;
> MSA 17.237[161]).

*Davidson, Breen & Doud, P.C.* (by *William H.
Stertz, Jr.),* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE
[1] 81 Am Jur 2d, Workmen's Compensation § 179.

*Smith & Brooker, P.C.* (by *Robert L. Hetzler),* for defendant.

Before: BEASLEY, P.J., and BASHARA and MAC-KENZIE, JJ.

PER CURIAM. Defendant, Bay County, appeals by leave granted from the denial of its motion for summary judgment under GCR 1963, 117.2(1).

On December 9, 1976, while an elected county commissioner of Bay County, plaintiff, Donald C. Pero, was injured in a slip and fall in the Bay County Building where he was attending a meeting of a committee of the Bay County Commissioners. Plaintiff, his wife, Rosalie Pero, and his son, Steven Pero, joined in a lawsuit against defendant county for damages.

Defendant moved for summary judgment under the exclusive remedy provision of the Worker's Disability Compensation Act, which provides:

"Sec. 131. The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract." MCL 418.131; MSA 17.237(131).

In response, plaintiff claimed his elected position did not establish the required employer-employee relationship with defendant and that, in any

event, any such question would be one of fact for a jury.

The trial court denied the motion for summary judgment in a written opinion holding that while there are not any issues of fact, since the relationship between a county commissioner and the county is establishd by law, nevertheless, application of the so-called economic realities test requires a finding that plaintiff is not an employee of defendant within the meaning of the workers' compensation act.

This issue is best illuminated by the legislative history of the definition of employee in the workers' compensation statutes. As originally enacted in 1912, MCL 411.7; MSA 17.147, which was the predecessor of the present statute, provided:

"The term 'employee' as used in this act shall be construed to mean:

"Every person in the service of the State or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, *except any official of the State or of any county, city, township, incorporated village or school district which made the contract.*" (Emphasis added.) 1912 (1st Ex Sess) PA 10.

In 1921, the section was amended to add the words "therein, elected at the polls" at the end of the sentence. The section then read:

"The term 'employe' as used in this act shall be construed to mean:

"Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, *except any official of the state or of any county, city, township,*

*incorporated village or school district therein, elected at the polls."* (Emphasis added.) 1921 PA 173.

In 1965, this section was again amended to delete the phrase "except any official of the state, or of any county, city, township, incorporated village or school district therein, elected at the polls". Thus, the statute now reads:

"(1) An employee as used in this act shall mean:
"(a) Every person in the service of the state or of any county, city, township, village, or school district, under any appointment, or contract of hire, express or implied, oral or written." MCL 418.161; MSA 17.237(161).

We hold that by enacting the 1965 amendment to the statute, which deleted the words "elected at the polls", the Legislature demonstrated a clear intention to make elected public officials employees of governmental bodies under the workers' compensation coverage and no longer to exclude them therefrom.[1]

Since plaintiff is an employee of defendant, for purposes of workers' compensation, the exclusive remedy provision applies and defendant's motion for summary judgment should have been granted. The trial court misapplied the economic realities test.

This is not a case where plaintiff is an independent contractor. The economic realities test is irrelevant for purposes of decision here. In so holding, it is implicit and, we trust, obvious that plaintiff's injury arose out of and in the course of his employment because he was attending a county commissioner's meeting when the incident, out of which this claim arises, occurred.

---

[1] *Vander Ploeg v State of Michigan,* 1974 WCABO 363.

Consequently, we reverse and direct entry of an order granting defendant's motion for summary judgment under GCR 1963, 117.2(1).