740 A.2d 676

DORIS CRANK, PLAINTIFF–RESPONDENT[1], v. PALERMO SUP-
PLY CO. AND BERGEN COUNTY COLLEGE AND ITS CON-
TRACTORS, DEFENDANTS, AND CITY OF NEWARK HOUS-
ING AUTHORITY, DEFENDANT/THIRD–PARTY PLAINTIFF–
RESPONDENT, v. CRUM & FORSTER INSURANCE COMPANY,
THIRD–PARTY DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 18, 1999—Decided November 19, 1999.

---

[1] There was an order suppressing plaintiff's brief entered on September 9, 1999.

Before Judges KEEFE, A.A. RODRÍGUEZ and LINTNER.

*Matthew J. Lodge* argued the cause for appellant (*Carroll, McNulty & Kull,* attorneys; *Christopher R. Carroll* and *Mr. Lodge,* of counsel and on the briefs).

*James G. Serritella* argued the cause for respondent (*Buttafuoco, Karpf & Arce,* attorneys; *Robert Arce,* on the brief; *Mr. Serritella,* on the supplemental brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

Leave to appeal having been granted, third-party defendant Crum & Forster Insurance Company (Crum & Forster), appeals from a summary judgment directing it to defend and indemnify defendant/third-party plaintiff, City of Newark Housing Authority (Housing Authority), under a commercial automobile liability policy (the policy) issued by Crum & Forster to the Housing Authority. We reverse the judgment under review and remand for further proceedings.

On November 2, 1995, plaintiff, an appointed Commissioner of the Housing Authority, filed a complaint against the Housing Authority seeking damages for injuries stemming from an auto accident that occurred on November 21, 1994.[2] The complaint alleged that Crank was a passenger in a vehicle owned by the Housing Authority and operated by an employee or agent of the Housing Authority. Plaintiff asserted in the complaint that the Housing Authority "was grossly negligent, in its ownership, operation, maintenance and control of [the] vehicle," which caused "it to slam into the rear of another vehicle."

Crum & Forster issued the Housing Authority a commercial automobile liability insurance policy, effective April 1, 1994 through April 1, 1995. The Housing Authority requested Crum & Forster to provide a defense and indemnify it against damages under the policy. In a letter dated March 10, 1997, Crum & Forster notified the Housing Authority that plaintiff's accident was excluded from coverage. The relevant language of the policy follows:

B. EXCLUSIONS

This insurance does not apply to any of the following:

. . . .

3. WORKERS' COMPENSATION

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

"Bodily injury" to:

a. An employee of the "insured" arising out of and in the course of employment by the "insured". . . .

. . . .

This exclusion applies:

---

[2] In the same complaint, plaintiff also named as defendants Palermo Supply Co., and Bergen County Community College and its Contractors for their negligence in two separate and unrelated accidents that occurred on or about November 4, 1993 and January 5, 1994 respectively. The third event, which occurred on November 21, 1994, provides the basis for this appeal.

(1) Whether the "insured" may be liable as an employer or in any other capacity. . .

. . . .

But this exclusion does not apply to "bodily injury" to domestic employees not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract."

Crum & Forster took the position that plaintiff, in her capacity as a Commissioner of the Housing Authority, was an employee of the Authority entitled to workers' compensation benefits as her exclusive remedy.

The Housing Authority answered plaintiff's complaint and instituted the subject third-party action against Crum & Forster. After taking discovery on the issue of Crum & Forster's disclaimer, the Housing Authority moved for summary judgment. In the motion, it contended that plaintiff was a "volunteer," not an employee, and that Crum & Forster should be compelled to provide a defense and coverage for plaintiff's claim. Crum & Forster cross-moved for a declaration of non-coverage grounded on its claim that plaintiff was an employee of the Housing Authority and that her sole remedy was in workers' compensation. After oral argument on the matter, the motion judge found that plaintiff was not an employee of the Housing Authority. The judge entered summary judgment in favor of the Housing Authority and denied Crum & Forster's cross-motion. We granted Crum & Forster's motion for leave to appeal and now reverse.

The relevant, undisputed facts for the purpose of this appeal follow. Plaintiff was appointed a Commissioner of the Housing Authority by the Mayor of Newark, and served in that position from May 1992 through January 6, 1999. As a member of the Housing Authority, plaintiff has held the positions of treasurer, vice president, and chairman. Pursuant to *N.J.S.A.* 40A:12A–17d, plaintiff, in her capacity as a member of the Housing Authority, is not entitled to compensation for her services, but is entitled to reimbursement for expenses, including travel incurred in the performance of her duties. Her duties included attending board meetings, formulating housing policies, ensuring compliance with

Housing and Urban Development policies, voting on contracts and budgets, attending community meetings, and assisting community residents.

Plaintiff and the other six members of the Housing Authority had access to a chauffeur-driven car that was also used for delivering documents to and from the Housing Authority offices and City Hall. Plaintiff was reimbursed for transportation expenses when the car was not available. The Authority also paid for hotel, travel, and meal expenses when plaintiff attended conferences. Plaintiff attended approximately two conferences on a yearly basis. Additionally, plaintiff was reimbursed for meal expenses up to $38 per day.

On November 21, 1994, the day of the accident, plaintiff was a passenger in the Housing Authority automobile. She was being driven to a doctor's office for an appointment arranged by Ron Hale, an employee of the Authority. Hale was the Housing Authority's insurance risk manager. He was responsible for the adequacy of the Housing Authority's insurance coverage and handled claims against the Authority, including workers' compensation claims. Hale had arranged the appointment in connection with the injuries plaintiff received in the discharge of her duties at Bergen County Community College. Plaintiff had previously filed a workers' compensation accident report in connection with that accident. The accident report designated the Housing Authority as the employer and plaintiff as the employee. Housing Authority records from its Risk Management System indicate that $853 of medical expenses were paid under the Housing Authority's workers' compensation plan during 1995 for head injuries plaintiff sustained in connection with that accident.[3]

---

[3] Apparently, plaintiff and all other commissioners were required to attend a curriculum of classes, paid for by the Housing Authority, as mandated by the Department of Community Affairs. Plaintiff's accident at Bergen County Community College occurred while she was attending classes there in her capacity as a commissioner.

The argument in the trial court and the briefs submitted on appeal focused on whether plaintiff was an employee within the context of *N.J.S.A.* 34:15–36, which defines the term " '[e]mployer' ... to be synonymous with master" and " 'employee' [ ] synonymous with servant ... who perform[s] service[s] for any employer for financial consideration." Specifically, the arguments focused on whether it could be said that plaintiff had received "financial consideration" as a commissioner of the Housing Authority.

■ At oral argument before us, we questioned the relevance of *N.J.S.A.* 34:15–36 in light of *N.J.S.A.* 34:15–43. The latter statute provides:

> *Every officer, appointed or elected,* and every employee of the State, county, municipality or any board or commission, or any other governing body, including boards of education, and governing bodies of service districts, ... *shall be compensated under and by virtue of the provisions of this article* and article 2 of this chapter (R.S.34:15–7 et seq.).
>
> [*N.J.S.A.* 34:15–43 (emphasis added).]

Specifically, we raised the issue of whether plaintiff could be considered an appointed officer of a public entity within the context of this statute. It appeared to us that, if *N.J.S.A.* 34:15–43 applies to plaintiff, the issue concerning the interpretation of *N.J.S.A.* 34:15–36 is irrelevant. Because the parties had not considered the issue, we asked for supplemental briefs.

Not unexpectedly, the Housing Authority argues in its supplemental brief that the statute does not apply, while Crum & Forster argues that it does. We now hold that plaintiff comes within the scope of *N.J.S.A.* 34:15–43 and is entitled to workers' compensation benefits if her injuries arose out of and in the course of her employment, an issue not addressed in the trial court or in the briefs before us.

In 1911, New Jersey enacted its workers' compensation law, which at the time, provided the State with "sovereign immunity [against] suits for workers' compensation benefits." *Bunk v. Port Auth. of New York & New Jersey,* 144 *N.J.* 176, 182, 676 *A.*2d 118 (1996). In 1913, "[t]he Legislature passed the predecessor to Section 43 for the purpose of waiving the State's sovereign immu-

nity[,]" which immunized the State and other public entities from liability. *Ibid.* As a result, coverage was extended to " '[e]very employee who shall be in the employ of the State, county, municipality or any board of commission, or any other governing body....' " *Ibid.* (quoting L.1913, c. 145). The statute contained an "express proviso that no person 'holding an elective office' was to be entitled to compensation." *Guth v. North Bergen Tp.*, 35 *N.J.Super.* 24, 27, 113 *A.*2d 50 (App.Div.1955).

The impact of the 1913 legislation was analyzed in the unofficially reported case of *Rogan v. City of Burlington*, 39 *N.J.L.J.* 214 (C.P.1914). *See Guth, supra*, 35 *N.J.Super.* at 27, 113 *A.*2d 50 (for summary of *Rogan* ). *Rogan* involved the widow of a police officer killed in the line of duty, who sought workers' compensation from the City of Burlington. *Ibid.* The City's rationale in denying the claim was that "policemen were officers and not employees of the municipality." *Ibid.* The *Rogan* court reasoned:

> If it were the intention of the Legislature, in passing the supplement of 1913, that no person who might be technically designated as an officer of the city should be entitled to compensation, it would not have placed in the supplement the clause providing that no person holding an elective office should be entitled to compensation, but would have provided that no person holding *any* office should be entitled to compensation. The placing of the proviso in the supplement that no person holding an elective office should be entitled to compensation, plainly and necessarily implies that a person holding an office not an elective office shall be entitled to compensation, provided his salary is not more than twelve hundred dollars. [*Id.* at 28, 113 *A.*2d 50 (quoting *Rogan, supra*, 39 *N.J.L.J.* at 217–217a)(emphasis added).]

Thus, *Rogan* stood for the proposition that all officers of a municipality, other than elected officials, were to be included in the definition of "employee." In *Guth*, the Appellate Division, relying on *Rogan*, affirmed a compensation award on appeal from the county court, where the township of North Bergen attempted to advance a similar argument that a fire department lieutenant was "not an 'employee' within the meaning of the Workmen's [sic] Compensation Act." *Id.* at 26–27, 113 *A.*2d 50.

The exclusion of elected officials survived "as part of *section* 34:15–43, and continued as part of that section until [it was]

deleted by" amendment in 1952.[4]  *Id.* at 27, 113 *A.*2d 50.  Later, by amendment in 1956, the first paragraph discussing those entitled to compensation was modified to read: "Every officer, appointed or elected, and every employee...."  L.1956, c. 160, p. 641, § 2.  Thus, the act was legislatively broadened to compensate all officers and employees of the State, county, or municipality, as well as members of boards or commissions thereof.[5]

Contrary to the Housing Authority's argument, it is deemed by the statute that authorized its creation to be "an agency and instrumentality of the municipality or county creating it[,]" here, the City of Newark.  *N.J.S.A.* 40A:12A–17a.  Not surprisingly, a majority of the courts that have addressed a housing authority's status recognize it to be an agent and instrumentality of the entity that created it.  *DeVita v. Housing Auth. City of Paterson,* 17 *N.J.* 350, 360, 111 *A.*2d 497 (1955); *Housing Auth. of Newark v. Sagner,* 142 *N.J.Super.* 332, 341, 361 *A.*2d 565 (App.Div.1976); *Dep't of Civil Serv. v. Newark,* 131 *N.J.Super.* 275, 278, 329 *A.*2d 572 (App.Div.1974); *Tumulty v. Jersey City,* 57 *N.J.Super.* 503, 511, 155 *A.*2d 148 (App.Div.1959).  Furthermore, the commissioners of municipal housing authorities, who are either appointed by the governing body of the municipality or the mayor, are deemed to be officers of the authority.  *See N.J.S.A.* 40A:12A–17a; *Edge-*

---

[4] Senate Bill 315 of the 1952 Legislature retained this exclusion, but was ultimately stricken by recommendation of the Governor.  *Ibid.* (citation omitted).

[5] Specific statutory inclusions and exclusions of public employment for purposes of workers' compensation coverage vary widely from state to state, and the reasons for including or excluding certain classes vary widely as well.  *See* Arthur Larson, *The Law of Workers' Compensation* § 56.30 (1990).  *Pero v. County of Bay,* 107 *Mich.App.* 33, 308 *N.W.*2d 675 (1981) offers a similar historical evolution of Michigan's workers' compensation law.  In *Pero,* the appellate court held that an elected county official, who was injured in a fall while attending a meeting of the county commissioners, was covered under the state's compensation act.  *Id.* at 676–77.  Like New Jersey, the Michigan Legislature amended its statute in 1965 to remove the exclusion of "employee status" as applied to "any official of the state or of any county, city, township, ... elected at the polls."  *Id.* at 676.

*water Park v. Edgewater Park Housing Auth.,* 187 *N.J.Super.* 588, 598–99, 455 *A.*2d 575 (Law Div.1982).

In our view, the legislative intent underpinning *N.J.S.A.* 34:15–43 is to provide workers' compensation benefits to any appointed or elected official of a state, county, or municipal public entity. The Housing Authority has failed to advance any reason why housing authorities should be treated differently from any other public entity for workers' compensation purposes. Indeed, our interpretation of the statute is in keeping with the long recognized public policy of this State to liberally construe the Workers' Compensation Act to broaden its coverage. *Smith v. E.T.L. Enterprises,* 155 *N.J.Super.* 343, 349, 382 *A.*2d 939 (App. Div.1978); *Grant v. Blazer Coord. Coun. of Youth Dev.,* 111 *N.J.Super.* 125, 130, 267 *A.*2d 568 (Co.1970), *modified,* 116 *N.J.Super.* 460, 282 *A.*2d 769 (App.Div.1971). Further, we note that the Housing Authority has recognized plaintiff's status as being eligible for workers' compensation benefits by paying medical expenses incurred by her in connection with the Bergen County Community College incident.

Notwithstanding the fact that plaintiff is qualified by the terms of *N.J.S.A.* 34:15–43 to obtain workers' compensation benefits from the Housing Authority, she may not do so unless the subject accident arose out of and in the course of her employment. *See N.J.S.A.* 34:15–7 and –43. This principle of law is tracked in the exclusionary language of the Crum & Forster policy. That issue was not ruled upon by the Law Division because of the focus on plaintiff's status as an "employee" receiving "financial consideration." Accordingly, we reverse the judgment under review to the extent that it ordered Crum & Forster to provide a defense and indemnity in the underlying automobile litigation on the ground that plaintiff was not an employee of the Housing Authority and remand the matter to the Law Division for further proceedings.

Reversed and remanded.