762 A.2d 222

AMANDA KRAIVANGER, PETITIONER–APPELLANT,
v. RADBURN ASSOCIATION, RESPONDENT–
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 8, 2000—Decided November 21, 2000.

Before Judges PRESSLER, KESTIN and ALLEY.

*Cathe D. McAuliffe* argued the cause for petitioner.

*Alan S. Arons* argued the cause for respondent (*Joseph Carolan*, attorney; *Mr. Arons*, on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

After a hearing solely on the issue of compensability, an order was entered in the Division of Workers' Compensation dismissing the claim petition on the basis that "no employment relationship ... exist[ed] which would entitle [petitioner] to benefits under the [Workers' Compensation] Act." Petitioner appeals. We reverse and remand.

The facts are undisputed. Petitioner, then fourteen years old, was injured while engaged in activities as a counselor-in-training (CIT) in respondent's 1997 summer recreation "Playgroup Program". For several years previously, she had been enrolled as a participant in the program. The injury occurred during the

second week of petitioner's service as a CIT in the six-week program.

The workers' compensation judge, in her oral opinion, described respondent and its Playgroup Program:

> Radburn is a long-standing planned community within the Township of Fair Lawn. The respondent, Radburn Association, is a non-profit corporation established in 1929 to administer certain restrictive covenants running with property located within the community. They also manage and maintain approximately 23 acres of park-land and recreation facilities utilized by the 700 or so member families. The petitioner and her parents currently reside in the Radburn community.

> One of the many programs run by the association was a summer playgroup program. This was a half-day camp program available to the young residents of Radburn. There were no fees charged to attend the camp. The children were only required to pay for the costs of any outside trips they might participate in.

Petitioner was not paid a regular wage for her work as a CIT, as regular counselors were, but she did receive compensation for one training day she attended in advance of the program's opening. As requested by respondent, she had filed an IRS W–4 form, an INS I–9 form ("Employment Eligibility Verification"), and State Department of Education "working papers". Petitioner's expenses for trips and the like sponsored by respondent were to be paid or reimbursed, although such expenses for parents and others who volunteered their services were not paid or reimbursed. Respondent had also advised petitioner by letter that "good evaluations on [CIT] performance reviews will be considered when making future staff selections", i.e., those for regular counselor positions.

■ Without formally addressing the question,* we accept as a given for the purposes of this case that the Workers' Compensation Act does not cover volunteers as distinguished from employees. *See Armitage v. Trustees of Mount Fern Methodist Episco-*

---

* See Elgin Nat'l Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 670, 21 S.Ct. 270, 272, 45 L.Ed. 365, 375 (1901) (referring to "the settled rule [that courts should] decide no more than is necessary to the case in hand"), *abrogated on other grounds, Hurn v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

*pal Church,* 33 *N.J.Super.* 367, 369–70, 110 *A.*2d 154 (Cty.Ct.1954); *cf. Crank v. Palermo Supply Co.,* 326 *N.J.Super.* 84, 89, 740 *A.*2d 676 (App.Div.1999). We also recognize that the primary governing standard defining an employee is found in the Act as one "who perform[s] service for an employer for financial consideration," *N.J.S.A.* 34:15–36. "Financial consideration" has been interpreted as "includ[ing] anything of value to be received by petitioner in return for his services[, excluding] the hope of future favors[.]" *Hawksford v. Steinbacher Packing Co.,* 73 *N.J.Super.* 175, 180, 179 *A.*2d 181 (Cty.Ct.1962), *aff'd,* 80 *N.J.Super.* 129, 193 *A.*2d 163 (App.Div.), *certif. denied,* 41 *N.J.* 195, 195 *A.*2d 466 (1963).

Applying these standards in the light of the established facts, the workers' compensation judge concluded: "[t]here is absolutely no evidence of financial consideration, a necessary prerequisite of employment under our Act." Applying the very same evaluative factors, we reach a contrary conclusion.

 It is manifestly incorrect to conclude that "absolutely no ... financial consideration" passed from respondent to petitioner. The one-day's pay for participation in the training program was clearly some consideration, and was regarded as such by respondent when it required petitioner to file employment documents, including a W–4 form. The payment or reimbursement of expenses could also be seen as a form of compensation when others who might be classified as "true volunteers" were not so compensated. *See Heget v. Christ Hosp.,* 26 *N.J. Misc.* 189, 192, 58 *A.*2d 615 (C.P.1948); *cf. Crank, supra,* 326 *N.J.Super.* at 87–88, 92, 740 *A.*2d 676; *Grant v. Blazer Coordinating Council of Youth Dev.,* 111 *N.J.Super.* 125, 129–31, 267 *A.*2d 568 (Cty.Ct.1970), *aff'd as modified,* 116 *N.J.Super.* 460, 282 *A.*2d 769 (App.Div.1971). The issue is not how much compensation is enough to convert a volunteer to an employee. Rather, employee status for workers' compensation purposes exists if any financial consideration at all passes. By that test alone, this petitioner was an employee and should have been seen to be covered by the provisions of the Workers' Compensation Act.

 Having disposed of the case on this basis, it is not necessary for us to determine either whether other, non-monetary benefits such as the value of the training received might also be considered to have a remunerative value satisfying the "financial consideration" standard of the Act; or whether, given the liberal and inclusive construction the Act commands, *see, e.g., Crank, supra,* 326 *N.J.Super.* at 92, 740 *A.2d* 676; *Smith v. E.T.L. Enters.,* 155 *N.J.Super.* 343, 349, 382 *A.2d* 939 (App.Div.1978); *Grant, supra,* 111 *N.J.Super.* at 130, 267 *A.2d* 568, such intangibles as preference in the consideration for future employment or even the value of the benefit conferred upon the community by petitioner's services might also qualify. We also do not assess the significance of the factors of supervision and control in establishing an employment relationship. *See, e.g., Heget, supra,* 26 *N.J. Misc.* at 191–92, 58 *A.2d* 615. Based on the fact that petitioner earned and was paid some "financial consideration" for her services, and attributing appropriate significance to respondent's conduct in treating petitioner as an employee, *inter alia,* by requiring her to file the documents typically prescribed for employees, we conclude, in the light of the underlying policies governing the construction and application of the Act, *see Smith, supra,* 155 *N.J.Super.* at 349, 382 *A.2d* 939, that petitioner qualifies as an employee under the statutory definition.

Reversed and remanded for plenary consideration of petitioner's claim.