GUSTAV KUNZ, OVERSEER OF THE POOR, v. ELIZABETH DECH.

Submitted July 2, 1909—Decided November 8, 1909.

District Courts have no jurisdiction of suits against heirs and devisees for the debts of the decedent.

On appeal from the Orange District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the plaintiff, respondent, *William A. Lord.*

For the defendant, appellant, *Joseph K. Field.*

The opinion of the court was delivered by

SWAYZE, J. This action was brought in the District Court against a devisee upon the bond of the testator. The only question is whether such an action can be maintained in the District Court.

The jurisdiction of the court is not necessarily excluded because title to land is involved. The restriction upon District Courts in this respect contained in section 30 of the act

of 1898 (*Pamph. L., p.* 564) has been removed by later legislation. *Pamph. L.* 1902, *p.* 368; *Pamph. L.* 1908, *p.* 384; *Cranston* v. *Beck,* 41 *Vroom* 145. The question of the constitutionality of the legislation was mooted in that case. If there be doubt in this respect, we need not consider it as we think the judgment must be reversed upon another ground. The act for the relief of creditors against heirs and devisees (*Gen. Stat., p.* 1679) requires special pleading by the heir or devisee if he desires to avoid the effect of a general judgment against him. *Muldoon* v. *Moore,* 26 *Vroom* 410. Upon proper pleading the judgment is special, and the execution can only command the sheriff or other officer that of the lands whereof the testator was seized on the day when the real estate became liable, or at any time afterwards, or at the time of his death, as the case may require, he cause to be made the debt, damages and costs mentioned in the writ. *Executions Act,* § 1; *Gen. Stat., p.* 1414.

The District Court act contains no provision which authorizes the filing of a special plea such as the Heirs and Devisees act permits, and it seems inconsistent with the practice of oral pleading, if pleading it may be called, in that court. If this difficulty could be surmounted, a more serious one would remain. Upon proper pleading by the heir or devisee the judgment and execution are against the lands descended or devised only. This is quite inconsistent with the scheme of the District Court act, which requires that the judgment be docketed in order to make it a lien upon lands. An execution out of the District Court can only reach the goods and chattels. *Pamph. L.* 1898, *p.* 620, § 178. The impossibility of carrying out the provisions of the Heirs and Devisees act by the machinery and procedure of the District Courts, is a sufficient reason for holding that the District Court was without jurisdiction notwithstanding the general language of section 30 in its amended form. In *Princeton* v. *Mount,* 5 *Dutcher* 299, it was held that an action against a municipal corporation could not be brought in the Court for the Trial of Small Causes, because the provision for service of a summons upon a municipal corporation was inconsistent

with the provision for service in the Small Cause act. For a similar reason it was held that a *scire facias* in attachment proceedings could not issue out of the Small Cause Court against a foreign corporation (*Delaware, Lackawanna and Western Railroad* v. *Ditton,* 7 *Vroom* 361), or against a municipal corporation. *Jersey City* v. *Horton,* 9 *Id.* 88, 92. Upon the authority of these cases, it was held that District Courts had no jurisdiction of suits against municipal corporations. *Townsend* v. *School Trustees,* 12 *Id.* 312, and for the same reason justices' courts were without jurisdiction. *School Trustees* v. *Stocker,* 13 *Id.* 115. In *Wheeler and Wilson Mfg. Co.* v. *Carty,* 24 *Id.* 336, Mr. Justice Van Syckel said: "The omission in the Justices' Court act to provide expressly for service on foreign corporations, as is done in the eighty-eighth section of the Corporations act for the higher courts, is significant of the legislative intent to withhold from justices of the peace jurisdiction over them." These are but instances where general language in one portion of the statutes is narrowed in its interpretation by the necessary construction of other portions. As Chief Justice Kinsey said: "In the construction of the acts of the legislature, it has ever been held a sound and wholesome rule that when divers laws are made relating to one subject, the whole must be considered as constituting one system, and mutually connected with each other." An illustration of the application of this rule to the jurisdiction of District Courts is *Koch* v. *Vanderhoof,* 20 *Id.* 619, where it was held that those courts had no jurisdiction of a suit for a penalty of $200, although they had jurisdiction of "every suit of a civil nature at law," and actions for penalties were conceded to be civil actions.

The District Court was without jurisdiction and the judgment must be reversed, with costs.