116 N.J. Super. 460 (1971)
282 A.2d 769
EVA GRANT, PETITIONER-RESPONDENT AND CROSS-APPELLANT,
v.
BLAZER COORDINATING COUNCIL OF YOUTH DEVELOPMENT, RESPONDENT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1971.
Decided October 26, 1971.
*461 Before Judges GOLDMANN, COLLESTER and MINTZ.
Mr. Martin B. Wallerstein argued the cause for respondent-appellant (Messrs. Morgan, Melhuish, Monaghan, McCoid and Spielvogel, attorneys).
Mr. Irving Silverman argued the cause for petitioner-respondent (Messrs. Jacobson and Silverman, attorneys).
PER CURIAM.
This is a workmen's compensation case. Respondent appealed to the County Court from the determination of the Division of Workmen's Compensation. The County Court modified petitioner's award by excluding from its computation the $84 monthly welfare payment she was receiving prior to and during the course of her employment.
Respondent appeals from the whole of the County Court judgment. Petitioner cross-appeals contending that the County Court erred in reducing the original award.
Respondent contends: (1) petitioner was not its employee when she sustained her injury; (2) error in the amount of the counsel fee awarded to petitioner's counsel, and (3) the entire counsel fee should not have been assessed against it. The County Court opinion reported in 111 N.J. Super. 125 (1970) fully recites the salient facts essential to a resolution of the respective appeals.
We conclude that the County Court's determination of the existence of an employer-employee relationship and the modification of the award was reasonably reached on *462 sufficient credible evidence present in the record considering the proofs as a whole, with due regard to the expertise of the Judge of Compensation and his opportunity to appraise the credibility of witnesses. Close v. Kordulak Bros., 44 N.J. 589 (1965).
The Division of Workmen's Compensation allowed petitioner's attorney a fee of $300 based upon an award of $1,525.50, and assessed $180 of the fee against respondent and $120 against petitioner. This allowance was within the 20% statutory limit, N.J.S.A. 34:15-64, and the respective assessments were within the sound discretion of the Judge of Compensation. However, when the County Court properly reduced petitioner's award to $678, the $300 attorney's fee it allowed obviously exceeded the maximum statutory allowance.
Accordingly, the counsel fee is reduced to $135. The County Court in its discretion assessed the entire attorney's fee against respondent. We perceive no reason to disturb it.
Affirmed as modified.