BARBARA C. WESTMORELAND v. SAFE BUS, INC.

No. 7421DC23

(Filed 6 February 1974)

Master and Servant § 99— Workmen's Compensation claim — award of attorney's fees — no jurisdiction in district court

An action to recover pursuant to G.S. 97-10.2(F)(1)b of the Workmen's Compensation Act a sum representing legal fees allegedly owed to plaintiff by defendant was within the exclusive province of the Industrial Commission, and the district court's award of attorney fees was improper.

APPEAL by defendant from *Henderson, Judge*, 23 July 1973 Session of District Court held in FORSYTH County.

This is a civil action wherein the plaintiff, Barbara C. Westmoreland, attorney, seeks to recover pursuant to G.S. 97-10.2 (F)(1)b of the Workmen's Compensation Act the sum of $416.00 from defendant, Safe Bus, Inc. The amount which

plaintiff claims represents certain legal fees allegedly owned to plaintiff by defendant.

The pleadings establish the following uncontrovered facts: On 21 November 1970, Mrs. Frances J. Mason, an employee of defendant, was injured when the company bus she was driving collided with a vehicle driven by a person not a party to this suit. Mrs. Mason was temporarily totally disabled and unable to work from 21 November 1970 until June 1971 and during this period the defendant, a self-insured company, paid $1,248.00 to Mrs. Mason pursuant to the Workmen's Compensation Act. Thereafter, plaintiff was retained by Mrs. Mason to represent her in a claim against Charles Dillard and William Claybrooks, Jr. (the alleged third party tortfeasors) for the personal injuries suffered in the accident of 21 November 1970. Ultimately, the employee's claim against the third party tortfeasors was settled for a total of $7,500; however, the liability insurance carrier for the third party tortfeasors, having been notified by defendant of its subrogation claim, paid $1,248.00 to defendant and $6,252.00 to Mrs. Mason.

After employee's claim against the third party tortfeasors was settled, plaintiff, the employee's attorney, effecting the settlement, requested the Industrial Commission to award her a fee equal to one-third of the amount of the recovery paid by the liability insurance carrier to the defendant, employer.

Neither party having given notice to the Industrial Commission of the injury or any of the proceedings resulting in the settlement of the claim, the Industrial Commission refused to make "any ruling in the case."

While admitting the factual allegations of the complaint, the defendant denied any liability and moved to dismiss.

Plaintiff moved for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c), Rules of Civil Procedure, and this motion was allowed. From a judgment on the pleadings that plaintiff recover of defendant $416.00, the defendant appealed.

*Westmoreland and Sawyer by Barbara C. Westmoreland for plaintiff appellee.*

*Erwin and Hayes by Richard C. Erwin and Roland H. Hayes for defendant appellant.*

HEDRICK, Judge.

Defendant, among other things, contends that the District Court has no authority to entertain an action predicated upon the Workmen's Compensation Act. We agree. In an action of the type now before us, the Industrial Commission can award an attorney's fee not to exceed "one third of the amount obtained or recovered of the third party," G.S. 97-10.2(F)(1)b, provided (1) the employer has filed a written admission of liability for benefits with the Industrial Commission or (2) an award final in nature in favor of the employee has been entered by the Commission, G.S. 97-10.2(F)(1).

Plaintiff, having no express or implied contract with the defendant, bottoms her claim in the present case upon the aforementioned statutes; however, these statutes do not confer any authority upon the District Court to order an employer to pay attorney's fees. This action is within the exclusive province of the Industrial Commission, *Cox v. Transportation Co.*, 259 N.C. 38, 129 S.E. 2d 589 (1963); therefore, the District Court's award of attorney's fees was improper. *Byers v. Highway Comm.*, 275 N.C. 229, 166 S.E. 2d 649 (1969); *Spivey v. Wilcox Company*, 264 N.C. 387, 141 S.E. 2d 808 (1965).

For the reasons stated herein the order of the District Court is

Reversed.

Judges CAMPBELL and BALEY concur.