PAUL H. GREENBERG, PLAINTIFF, v. THOMAS E. O'GORMAN, INDIVIDUALLY AND T/A O'GORMAN, MCMANN & TROXELL, A PROFESSIONAL CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division Morris County

Decided December 14, 1984.

*Paul H. Greenberg,* plaintiff, pro se.

*Thomas E. O'Gorman* for defendants (*O'Gorman, McMann & Troxell,* attorneys).

MACKENZIE, J.S.C.

The county district courts were courts of limited rather than general jurisdiction; they were created by statutes and not by the State constitution. *N.J.S.A.* 2A:6–1 *et seq., see Rutgers v. New Brunswick,* 42 *N.J.L.* 51 (Sup.Ct.1880). The statute which defined the jurisdiction of the county district court limited the actions cognizable therein to those which had dollar amounts in controversy of no more than $5,000 and which had "a civil nature at law." *N.J.S.A.* 2A:6–34(a). On December 30, 1983 the county district courts were abolished. *N.J.S.A.* 2A:4–3a. The jurisdiction, functions, powers and duties of the county district court were transferred to the Superior Court. *N.J.S.A.* 2A:4–3c. Civil actions formerly adjudicated by the county district court thenceforth were to be heard by the Superior Court. *N.J.S.A.* 2A:6–1a.

When the county district courts were abolished and their jurisdiction was transferred, the Supreme Court established a Special Civil Part within the Law Division of the Superior Court and fixed the rules governing practice therein. See the order establishing a Special Civil Part within the Law Division of the Superior Court in *Pressler, Current N.J. Court Rules* at 1119–20 (1985). "Civil actions seeking legal relief where the amount in controversy does not exceed $5,000" are now cognizable in the Special Civil Part. *Id.* at § 1A. Thus, by statute and by court order, the Superior Court, Law Division, Special Civil Part

succeeded the county district courts in respect to all matters formerly cognizable therein.

■ This action is before the court on a motion for summary judgment. See *R.* 6:6-1, making *R.* 4:46 applicable. This litigation is the result of a dispute between two law firms over an attorney's fee generated in a workers' compensation action. See *R.* 6:3-1, making *R.* 4:46-2 applicable. The two-count complaint sought specified money damages for breach of contract and for unjust enrichment.[1] Defendant denied the material allegations of the complaint and raised several separate defenses including the issue of this court's subject matter jurisdiction.[2] The summary judgment motion is supported by defendant's affidavit and a number of documents filed in the workers' compensation action which plaintiff acknowledges are authentic. Plaintiff has filed a certification in opposition to defendant's motion. Nevertheless, the case is ripe for disposition as the court finds that there are no genuine issues of material fact.

The uncontested proofs demonstrate that one Ana Rodriquez (hereafter Rodriquez or petitioner) injured herself in the course of her employment at Oliver's Restaurant in Chester, New Jersey. She consulted a member of the firm of O'Gorman, McMann & Troxell, P.C. (hereafter defendant).[3] Defendant

---

[1] Both claims traditionally have been regarded as actions of law. *See, e.g., Sullivan v. Margetts* 9 *N.J.Super.* 189 (App.Div.1950); *Blair Engineering Co. v. Page Steel & Wire Co.,* 288 *F.* 662 (3 Cir.1923); *cf. Shapiro v. Solomon,* 42 *N.J.Super.* 377 (App.Div.1956).

[2] The question of whether subject matter jurisdiction exists involves a determination as to whether the court is legally authorized to decide the question presented. If the answer to this question is in the negative, consideration of the cause is "wholly and immediately foreclosed." See *Baker v. Carr,* 369 *U.S.* 186, 82 *S.Ct.* 691, 7 *L.Ed.*2d 663 (1962), cited in *Gilbert v. Gladden,* 87 *N.J.* 275, 280-81 (1981).

[3] When designating the law firm as "defendant," the court does not overlook the fact that O'Gorman has been sued individually.

filed a claim petition seeking temporary disability payments and reimbursement for petitioner's medical expenses.[4] A member of defendant firm appeared for petitioner at the pretrial conference and at subsequent times when the action was listed for trial.

When the compensation action was pending on the trial list, but before it came to trial, Paul H. Greenberg, Esq. (hereafter plaintiff) notified defendant that petitioner wanted him to represent her. In accordance with petitioner's instructions, the file and an executed substitution of attorney form were delivered by defendant to plaintiff. The form contained a typewritten provision which stated that "[t]he respective counsel agree that for services rendered and to be rendered, any net fee awarded in this matter shall be allocated 50% to the firm of O'Gorman, McMann & Troxell, Esqs. and 50% to Paul H. Greenberg, Esq." [5]

Plaintiff appeared once in the Division of Workers' Compensation on petitioner's behalf. Petitioner then decided that she wanted to be represented by her former attorneys. She discharged plaintiff and returned to defendant firm. Plaintiff provided defendant with petitioner's file and an executed substitution of attorney form. This second substitution form contained an agreement that "George H. Feldman, Judge of Compensation, shall determine the allocation of the fee awarded to petitioner's counsel." [6]

---

[4]Petitioner's need for some of the treatment which she sought was sharply disputed. She consulted a physician in New York City without receiving prior authorization from her employer's insurance carrier. The New York doctor had her admitted to a hospital there for surgery. The carrier declined to pay the resulting $10,000 in hospital and other medical expenses.

[5]See n. 8, *infra* for a discussion of the propriety and enforceability of this provision.

[6]In this court's opinion, the "agreement" contained in the second 'substitution' form did no more than recognize that for which the law provides. See discussion *infra* at 460–461.

Defendant eventually settled petitioner's claim with her employer's insurance carrier. Compensation Judge Feldman approved the settlement and awarded an attorney's fee of $1,600 to "petitioner's attorney." Seven hundred dollars ($700) of the fee was to be paid by petitioner; the balance was to be paid by the employer. Judge Feldman, who had handled the claim petition from the outset, allotted plaintiff $250 of the $1,600 attorney's fee award.

Plaintiff was dissatisfied with his fee allotment and moved for reconsideration of his award. The parties submitted briefs. Plaintiff then instituted this action seeking damages for breach of contract and *quantum meruit* after he had filed the motion for reconsideration but before it had been decided. In a letter opinion dated November 1, 1984, which incorporated by reference and reaffirmed his oral opinion, Judge Feldman denied plaintiff's motion for reconsideration. A notice of appeal from that order has not been filed. *See N.J.S.A.* 34:15-66. The time for appeal has expired. *Ibid.; see also R.* 2:4-1. The court now decides that it lacks jurisdiction over the subject matter of this litigation.

■■ The Legislature has conferred "exclusive jurisdiction of all claims for workers' compensation benefits" upon the Division of Workers' Compensation. *N.J.S.A.* 34:15-49. One of the benefits to which a successful petitioner is entitled is "a reasonable attorney fee." *N.J.S.A.* 34:15-64.[7] The amount that may be awarded as an attorney's fee is statutorily limited to a maximum of 20% of the compensation judgment. *Ibid.; see also Gromack v. Johns-Manville Products Corp.,* 147 *N.J. Super.* 131 (App.Div.1977). Contingent fee agreements, retainers, and other financial arrangements which are ordinarily

---

[7] *N.J.A.C.* 34:15-64, a section of the New Jersey Administrative Code, outlines the procedure for allowing payment of counsel fees to successful claimants in the Division of Workers' Compensation. The language of the statute and of the administrative code clearly vest discretion as to counsel fee awards in compensation actions with the division.

permissible in an attorney-client relationship are not recognized in this situation *N.J.S.A.* 34:15–64.[8]

When he fixes the attorney's fee, the compensation judge must consider the nature and extent of the legal services rendered, the responsibility involved, and the amount of the award to petitioner. *Wright v. Plaza Ford*, 164 *N.J.Super.* 203 (App.Div.1978). The obligation to pay the fee may be imposed exclusively upon the employer, or it may be apportioned between the employer and the successful claimant. *Grant v. Blazer Coordinating Council of Youth Development*, 116 *N.J.Super.* 460 (App.Div.1971).

The Division of Workers' Compensation is a statutory tribunal which is authorized to exercise those powers which are expressly or implicitly conferred upon it. *Conway v. Mister Softee, Inc.*, 51 *N.J.* 254 (1968). The legislative intent clearly is to require all counsel fee disputes arising out of a compensable accident to be resolved in that forum.[9] As a policy matter, authorizing the judge or referee of the Division to resolve such issues is entirely reasonable. These officials decide compensability, percentage of disability, nature and extent of injury, and related issues arising out of the employer-employee relationship. Each day, they see and evaluate the quality of attorneys' services to petitioners and respondents. They are in the best position to set a value upon such services and to apportion the

[8]In light of these statutory provisions, it is clear that an agreement between counsel purporting to fix the fee to be awarded to each of them infringes upon the compensation judge's exercise of discretion. Thus, the first "substitution agreement" violates the statute and would be unenforceable.

[9]*McLean v. S & L Steel Co.*, 141 *N.J.Super.* 564 (App.Div.1976) is consistent with this view. There, the insurance coverage issue was properly presented to the Superior Court. Accordingly, a counsel fee properly could be awarded to the successful employer against the compensation carrier. *See also Rivera v. Metropolitan Maintenance Co.*, 197 *N.J.Super.* 629 (App.Div.1984) (Controversey about the calculation and award of attorney's fees was properly addressed to the compensation judge and the Division of Workers' Compensation.)

award between participating counsel for the successful party. *Cf. Raves v. Middlesex-Roosevelt Hospital,* 102 *N.J.Super.* 179 (Cty.Ct.1968). That the division is an administrative tribunal within the executive branch of state government, the Department of Labor and Industry, rather than a "court," does not detract from the unique ability of its judges and referees to settle all counsel fee questions.

■ Because of its statutory limitations, this court has been obliged to refrain from adjudicating matters which are exclusively cognizable elsewhere. The county district courts did not have jurisdiction in a suit to recover a penalty for a violation of the Federal Emergency Price Control Act of 1942. *Zuest v. Ingra,* 134 *N.J.L.* 15 (E. & A.1946); *Berges v. Russo,* 25 *N.J.Misc.* 411 (Cty.Ct.1947). Nor could the court entertain a suit against an heir on a debt of a decedent. *Kunz v. Dech,* 79 *N.J.L.* 37 (Sup.Ct.1909). The county district court was without jurisdiction to fix arrears under a support order. *Knoblock v. Knoblock,* 119 *N.J.Super.* 432 (App.Div.1972). In *Knoblock,* what appeared superficially to be a routine action at law for debt was deemed cognizable only within the jurisdiction of the Chancery Division (now the Family Part) of the Superior Court, which had the authority to adjust the amount of unpaid support. Similarly, actions in which the primary right alleged or the principal relief sought is equitable in nature are not within the jurisdiction of this court. *Vineland Shopping Center, Inc. v. DeMarco,* 35 *N.J.* 459 (1961); *see also, Josefowicz v. Porter,* 32 *N.J.Super.* 585 (App.Div.1954).

■ The processes and procedures formerly applied in the county district court now regulate disposition of cases in the Special Civil Part. This court, as had its predecessor court, has the authority to determine its jurisdiction to hear certain matters. *Jamouneau v. Harner,* 16 *N.J.* 500 (1954), *cert.* den. 349 *U.S.* 904, 75 *S.Ct.* 580, 99 *L.Ed.* 1241 (1955). The court is satisfied that this action is not cognizable in the Special Civil Part, notwithstanding its characterization as an action at law.

Plaintiff's remedy in these circumstances was to file a notice of appeal from Judge Feldman's order. Defendant's motion is granted; the complaint is dismissed.