792 P.2d 45

**Senovio MARTINEZ, Petitioner,**

v.

**SOUTHWEST MOVING SPECIALISTS, Respondent.**

No. 18975.

Supreme Court of New Mexico.

May 16, 1990.

Rehearing Denied June 14, 1990.

James A. Burke, Santa Fe, for petitioner.

Sager, Curran, Sturges & Tepper, Kelly A. Genova, Paul E. Houston, Albuquerque, for respondent.

## OPINION

SOSA, Chief Justice.

Petitioner asks us to reverse the court of appeals' decision holding that the district court was without authority, following an original compensation award entered by the Workers' Compensation Division (WCD), (1) to award petitioner additional attorney's fees and (2) to enter a judgment directing payment of additional unpaid medical expenses. We agree with petitioner's argument and reverse the court of appeals.

The WCD hearing officer, by informal resolution, originally had awarded petitioner payment of medical expenses related to a temporary total disability along with $1,000 in attorney's fees. The employer did not pay petitioner, but instead sought to have the WCD's resolution set aside. In response, the WCD hearing officer entered a supplemental compensation order requiring payment by the employer of $200 per week compensation, accrued compensation, payment of both past and future medical bills, and attorney's fees of $1,000.

The district court entered the supplemental compensation order as a judgment of court. In the meantime the employer had appealed the WCD's supplemental order to the court of appeals and moved in district court for a stay of execution of the court's judgment. The district court at first granted a stay and then, following petitioner's motion, vacated the stay. The court of appeals then affirmed the district court's judgment upholding the supplemental compensation order. On the same day as the court of appeals' mandate issued, the district court awarded petitioner additional attorney's fees of $3,450 for his attorney's work in district court following date of entry of judgment on the supplemental compensation order. Petitioner then moved in district court for payment of unpaid medical bills, and the district court ordered the employer to pay petitioner some $4,666.50 in unpaid bills. The employer appealed both the order of the district court awarding petitioner additional attorney's fees and the order of court requiring payment of the medical bills.

The court of appeals reversed the district court on both points, holding:

> We agree with [the employer] that a prerequisite to securing a judgment of the district court for additional attorney's fees for services rendered on behalf of the worker, or securing a district court judgment for payment of additional medical expenses, is that a worker first obtain a supplemental compensation order from the WCD, granting such relief. Unless the worker obtains a supplemental compensation order from the WCD the district court is without authority to enter an award of additional attorney's fees or to enter a judgment directing payment of additional unpaid medical expenses.

*Martinez v. Southwest Moving Specialists, Inc.,* Nos. 11,412/11,565, slip op. at 3 (Ct. App. Jan. 18, 1990).

The court of appeals read together NMSA 1978, Sections 52-1-54 and 52-5-10 (Repl.Pamp.1987), as prohibiting the dis-

trict court from making an additional independent award of attorney's fees. The court relied on the New Mexico rule that absent statutory authority a district court cannot award attorney's fees as an item of damages. *See e.g., Gregg v. Gardner*, 73 N.M. 347, 360–61, 388 P.2d 68, 77–78 (1963). The court also relied on the cases of *Westmoreland v. Safe Bus, Inc.*, 20 N.C.App. 632, 202 S.E.2d 605 (1974), and *Greenberg v. O'Gorman*, 200 N.J.Super. 454, 491 A.2d 800 (Law Div.1984). The latter case involved a fee dispute between lawyers who had each represented a workers' compensation claimant. At issue in the case was whether New Jersey's Superior Court, Law Division, Special Civil Part, could settle the dispute over the distribution of legal fees. The court held that it lacked jurisdiction because the New Jersey Division of Workers' Compensation had exclusive jurisdiction to resolve such a dispute.

■ The ruling in *Greenberg* is inapposite for two reasons. First, the New Jersey court that was being asked to assert jurisdiction is a tribunal of less authority than that of New Mexico's district courts. In New Jersey, Superior Courts only have jurisdiction over those matters that do not exceed $5,000, which is not the case for our district courts. Further, Superior Courts in New Jersey have no equitable jurisdiction. Second, and more important, in *Greenberg*, the decision of the workers' compensation tribunal had not been reduced to a judgment, as has happened in the case before us. We find this distinction pivotal, because we hold that once the district court reduces a resolution of the WCD to a judgment, it then has continuing jurisdiction to award both additional attorney's fees and continuing payment of medical expenses related to the original WCD resolution.

We find *Westmoreland*, the other case relied on by the court of appeals, likewise to be inapposite. In that case the attorney seeking payment for representing an injured employee was denied her fee by the North Carolina Industrial Commission (our equivalent of the WCD) because there had never been a proceeding brought before the Commission by the employee to recover compensation. Instead, the self-insured employer had paid the employee, without the Commission's jurisdiction ever having been invoked. Consequently, when the attorney sought payment of her fee in North Carolina District Court (the equivalent of our district court), there was no prior resolution by the Commission for the court to consider. In the case at bar, however, the WCD awarded petitioner attorney's fees, and that award has been made a judgment of the district court.

■ Aside from the above, our reading of the statute in question leads us to conclude that the district court possessed jurisdiction to award additional attorney's fees. The statute reads, in pertinent part, as follows:

In all cases where compensation to which any person is entitled under the provisions of the Workers' Compensation Act is refused and the claimant shall thereafter collect compensation through proceedings before the workers' compensation division or courts ... then the compensation to be paid the attorney for the claimant shall be fixed by the workers' compensation judge hearing the claim *or the courts upon appeal* in the amount the workers' compensation judge or courts deem reasonable and proper. * * * [Emphasis added].

NMSA 1978, § 52–1–54(D) (Cum.Supp. 1989).

We read "courts upon appeal" in the statute as pertaining to the district court as well as to the court of appeals and the supreme court. In *Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 312, 551 P.2d 1354, 1359 (1976), we took the word "appeal" in its broad sense to mean "a review of proceedings at a trial already had, not a new trial of the case. * * * *" The legislature clearly has given the district court power to "review" proceedings of the WCD if only in the sense that the district court has authority to enter judgment on a WCD supplementary compensation order. NMSA 1978, § 52–5–10 (Cum. Supp.1989). We find that the district court is thus a "court upon appeal" for this pur-

pose. Once it enters judgment on a supplementary compensation order, it retains jurisdiction to award additional attorney's fees and additional medical expenses on that order. To rule as the court of appeals has would require an interpretation of the statute in such a way as to require a circuitous doubling-back through the WCD hearing judge's office for a new supplementary order every time additional attorney's fees or medical expenses are sought. We cannot believe that the legislature intended such a burdensome process. Rather, we conclude that the legislature intended for a district court that has entered judgment on a WCD supplemental order to retain jurisdiction for purposes of awarding additional attorney's fees and additional medical expenses in a situation such as the one before us. We so hold and reverse the court of appeals. We reinstate the respective orders of the district court awarding additional attorney's fees of $3,450.00 and additional medical expenses of $4,660.50.

IT IS SO ORDERED.

RANSOM and WILSON, JJ., concur.